UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60237-CIV-DIMITROULEAS/HUNT

KEVIN CHRISTIAN,

Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

Defendant.
_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on the Motion for Bill of Costs ("Motion") filed by Defendant Wells Fargo Bank, N.A. ECF No. 71. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. ECF No. 72; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the record, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion be GRANTED as set forth below.

Plaintiff Kevin Christian, as successor Trustee of the Christian Family Trust ("Plaintiff"), sued Defendant Wells Fargo Bank ("Defendant") for negligence and violating Florida Statutes § 674.401. ECF No. 32. On June 11, 2026, the Court entered an Order granting Defendant's Motion for Summary Judgment. ECF No. 69. The Court entered final judgment in favor of Defendant and against Plaintiff. ECF No. 70.

Now, Defendant seeks costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, S.D. Fla. L. R. 7.3(c), 28 U.S.C. § 1920, and 28 U.S.C. § 1821. Plaintiff did

not file a response in opposition to the Motion. Defendant requests taxable costs in the amount of $1,289.20, consisting of $405.00 in filing fees and $884.20 in transcript fees. ECF No. 71.

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Filing fees are routine litigation expenses compensable as fees of the Clerk, so Defendant should be awarded that $405.00 amount. *See* 28 U.S.C. § 1920(1). Transcript fees are recoverable when necessarily obtained for use in the case. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). The requested $884.20 in transcript fees are reasonable and not objected to, so they should be awarded.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion for Bill of Costs, ECF No. 41, be GRANTED, such that Defendant Wells Fargo Bank be awarded taxable costs in the amount of $1,289.20.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above finding and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 8th day of October 2026.

PATRICK M. HUNT
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record